## K. TIDEMAN & CO. et al. v. McDONALD. (No. 6746.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1922.)

1. **Venue ⊚⟹7—Defendants not entitled to trial in county in which one of them resides, if bound by written contract performable in other county.**

In an action on a contract, the defendants are not entitled to be tried in a county in which one of them resides, if bound by written contract, which is expressly or by necessary implication performable in other county, in which case the venue may be laid in such other county.

2. **Venue ⊚⟹7—Seller from whom buyer ordered goods by telephone could not, for purpose of venue, base action for breach of written contract on written confirmation sent other seller, from whom buyer thought he had ordered goods.**

Where buyer's agent took order over telephone from one seller, and because of a mistake as to identity of such seller sent written confirmation to other seller, by whom goods were subsequently delivered, the first seller suing buyer and its agent for breach of contract to purchase goods was not entitled to trial of the action in the county in which the contract was to be performed, on theory that the written confirmation to other seller constituted the contract a written contract, since such written confirmation was sent to and intended for other seller and first seller was a stranger thereto.

3. **Appeal and error ⊚⟹551—Testimony at hearing on plea of privilege may be brought up in properly approved bill of exceptions.**

Testimony taken on the hearing of a plea of privilege may be brought to the Court of Civil Appeals in a properly approved bill of exceptions, and need not be brought up in the form of a statement of facts, but must be shown in either a statement of facts or bill of exceptions, or it will be presumed that the evidence is sufficient to warrant the order based thereon.

Appeal from Comanche County Court; F. J. Reese, Judge.

Suit by S. McDonald against K. Tideman & Co. and another. From orders overruling defendants' pleas of privilege, defendants appeal. Reversed and remanded, with instructions.

Sanford & Harris, of Waco, for appellants.
Smith & Woodruff, of Comanche, for appellee.

SMITH, J. K. Tideman & Co. is a cotton firm, residing in Galveston. J. Ed. Brown represents the firm at Waco, purchasing cotton for them in that and nearby towns, principally by telephone, with written confirmations of such purchases by mail. S. McDonald is also in the cotton business, residing at Comanche. On October 8, 1920, McDonald called Brown at Waco by telephone, and offered to sell him some cotton. Brown had had no dealings with McDonald theretofore, and did not know him. He had been doing business with and buying cotton from Brightman Company, another concern at Comanche, however. In the conversation with McDonald, Brown simply agreed to take 100 bales of cotton at 20¾ cents, but no other terms or conditions were mentioned. The record seems to conclusively show that Brown thought he was talking over the telephone to his acquaintance, Brightman, to whom he sent written confirmation of the purchase. Brightman received this confirmation early next morning, and promptly phoned Brown at Waco, telling the latter he had received the confirmation, but advising that he had not sold Brown any cotton, as indicated in the instrument. Brown insisted he had bought the cotton of Brightman by phone the day before, but the latter denied this, stating, however, he would nevertheless be glad to fill the order. They agreed on this finally, but at a price of 20½ instead of 20¾, as the price of cotton was declining. The confirmation was then forwarded to Brown, who made the correction as to price, and returned it to Brightman, who carried out the trade. When McDonald failed the next day to receive confirmation of the sale he thought he had made to Brown, he called the latter at Waco, and asked him if he was in the market for cotton, to which Brown replied in the negative. He then asked the latter why he did not send confirmation of the purchase the day before. Brown denied making any such purchase of him, and McDonald affirmed that he did; neither yielded to the other, and thus the negotiations ended. A few weeks later McDonald sued Tideman & Co. and Brown, in Comanche county, for the difference between the alleged contract price and a lower price at which he alleges he was forced to sell the cotton. Each defendant, one residing in Galveston and the other in McLennan county, filed his plea of privilege, which, upon a hearing, was overruled. The defendants have appealed.

[1] McDonald sued Tideman and Brown in Comanche county, and insists that venue lies in that county by reason of a breach of a written contract, as embraced in the written confirmation which Brown sent to Brightman, and in which, it is contended, it was provided that the seller was to deliver the cotton in seven days, "f. o. b." cars at Co-

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

manche. It is of course conceded that if appellants are suable in the latter county it is only by reason of the written contract. If they are bound by the contract, and if that contract by its terms, or by necessary implication derived from its terms, is performable in Comanche county, then venue over appellants was properly laid in that county. Otherwise, their pleas of privilege should have been sustained.

The written confirmation, which was in the form of a letter, and upon which appellee relies as a contract, was dated at Waco, addressed to Brightman, signed by the Tideman Company, per Brown, and recited that it was written to confirm a purchase from Brightman, made that day by telephone, of 100 bales of cotton at 20¾ cents, to be delivered f. o. b. cars at Comanche on or before 7 days after date, dependent upon Brightman's acceptance of the confirmation.

[2] It will be observed that this contract, as written, was solely between the Brightman Company on the one hand, and the Tideman Company on the other. It was delivered by the latter to the former. It was never delivered to McDonald; it did not purport, upon its face or by any of its terms, to bind, or inure to the benefit of, or in any manner affect, McDonald. The latter's name was not mentioned in the instrument, which was complete within itself, by its own terms, without reference to him. He was a complete stranger to the contract, according to its terms and language. Moreover, it is conclusively shown that appellants, who are sought to be bound by the contract, did not know McDonald in the transaction, and at no time intended that he should be a party to the deal, or to the contract, and, so far as their actual knowledge or intentions were concerned, he was in the spirit, as well as in the letter, a stranger to both. Accordingly, appellants made no written contract with appellee which was performable in Comanche county, or anywhere else, and their pleas of privilege should have been sustained.

It is not for us to express any opinion of the validity of the obligations appellants may have assumed in the oral conversation over the telephone, alleged to have occurred between Brown and McDonald. It is not contended that Brown agreed in such conversation to send a written confirmation to McDonald, and, even if he had so agreed, it is conceded that he did not do so. Looking at the case from every angle, appellee is relegated to whatever showing he may make of an oral contract. Certainly he has no written contract upon which to base his suit.

[3] Appellee contends that the testimony taken on the hearing of the plea of privilege should have been brought to this court in the form of a statement of facts. This testimony is embraced in a properly approved bill of exceptions, which appellee admits "contains substantially a statement of the facts proven" on the hearing of the plea. We know of no rule or decision against the practice pursued by appellants in this instance. The testimony taken on such hearing must be shown either in a statement of facts or bill of exceptions, of course; otherwise it will be presumed that the evidence is sufficient to warrant the order of the court based thereon. But either method is sufficient.

The order of the court below will be reversed, and the cause remanded, with instructions to that court to enter an order transferring the cause to the county court of McLennan county, as provided by law.